IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| TII LOGISTICS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:18-cv-00180 |
| | § | |
| KP ENGINEERING, LP, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT AND JURY DEMAND**

**PLAINTIFF TII LOGISTICS, INC.**, ("Plaintiff") files this lawsuit against **DEFENDANT KP ENGINEERING, LP**, ("Defendant") and respectfully shows the Court the following:

**I.**

**Nature of Action**

1.      Plaintiff is a licensed transportation broker, authorized by the Federal Motor Carrier Safety Administration to make transportation arrangements involving motor carriers as defined in 49 U.S.C. Sec. 13102(2) and 49 C.F.R. Sec. 371.2(a) and as required by 49 U.S.C. Sec. 13904.  In addition, Plaintiff offers customized logistics services to its customers, such as making arrangements for on-site construction work.  In this lawsuit Plaintiff seeks to recover payment for a large amount of transportation arrangement and customized logistics services ("Services") provided to Defendant at its request.  Defendant ordered the Services from Plaintiff as a part of Defendant's work on the Joyce 200 MMSCFD Cryogenic Gas Processing Unit for Targa Pipeline Mid-Continent WestTex, LLC, a subsidiary of Targa Resources Corp. ("Targa

Facility").  Plaintiff performed the Services as requested by Defendant from April, 2018, through July, 2018, yet Defendant has failed and refused to pay Plaintiff for any part of the Services rendered.  By this lawsuit, Plaintiff seeks at least $1,600,000.00 in compensation for its services, plus attorney's fees, pre-judgment interest, post-judgment interest, court costs, and for any other relief to which it may be entitled, whether at law or in equity.

## II.

## Parties

2. Plaintiff is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.

3. Defendant is a Texas corporation with its principal place of business in Tyler, Texas.  According to information on the Texas Secretary of State's website, https://www.sos.state.tx.us, Defendant's officers, directors, members, general partners or managers are listed as Ryno Engineering, LLC, and Brandon T. Steele.  Ryno Engineering, LLC's principal place of business is identified as Tyler, Texas.  Brandon T. Steele's address is identified as Tyler, Texas.  According to information on the Texas Secretary of State's website, https://www.sos.state.tx.us, the sole member of Ryno Engineering, L.L.C. is Tony D. Freeman, a resident of Flint, Texas.

4. Defendant may be served through its registered agent for process, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas  75201-3136.

### III.

### Jurisdiction and Venue

5.	This court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1332 because this is a suit between citizens of different states in which the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.	This court has personal jurisdiction over Defendant because Defendant is a citizen and resident of Texas.

7.	Venue of this action is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Among other things, the Services at issue were performed in Upton County, Texas, in that the destination for the cargo was in Upton County, Texas, and other work was performed pursuant to Defendant's Services in Upton County, Texas.

### IV.

### Factual Background

8.	On or about November 29, 2017, Defendant, through a Purchase Order ("Purchase Order"), offered and requested Plaintiff to provide "Tailored Truck and Storage Logistic Solution Including: Linehaul Direct to Site from Vendor Offload on Site Laydown Area" for a large number of shipments detailed on "J-1711 Expediting Report." The Purchase Order stated that "Freight and Services will be billed monthly and will include the actual cost of the freight and logistical services incured (sic) for the months (sic) activities." The Purchase Order was approved and accepted by Plaintiff.

9. The Purchase Order constituted a contract between Plaintiff and Defendant whereby Plaintiff promised to perform the Services and Defendant promised to pay Plaintiff for the Services.

10. On or about April 30, 2018, Services at the Targa Facility commenced.

11. On or about May 24, 2018, Defendant, through a Purchase Order-Change Order ("Change Order"), offered and requested Plaintiff to provide "Tailored Truck and Storage Logistic Solution Including: Linehaul Direct to Site from Vendor Offload on Site Laydown Area" for the work referenced in the Purchase Order and the J-1711 Expediting Report. The Change Order stated that "All notes, terms and conditions of original purchase order remain unchanged." Invoicing pursuant to the Change Order was therefore to be made as set forth in the Purchase Order, i.e., monthly based on "the actual cost of the freight and logistical services incured (sic) for the months (sic) activities." The Change Order was approved and accepted by Plaintiff.

12. The Change Order constituted a contract between Plaintiff and Defendant whereby Plaintiff promised to perform the Services and Defendant promised to pay Plaintiff for its Services.

13. In pertinent part, the KP Engineering Purchase Terms and Conditions set forth the conditions for acceptance of the contract, as follows:

> 1. ACCEPTANCE OF ORDER. Seller's shipment of or furnishing of Goods, acknowledgment of this Order, commencement of performance or acceptance of any payment shall constitute conclusive evidence of Seller's acceptance of this Order.

14. Through the commencement of performance on or about April 30, 2018, Plaintiff accepted the Purchase Order.

15. Through the continued performance on or about May 24, 2018, Plaintiff accepted the Change Order.

16. Both the Purchase Order and the Change Order specify that "Terms" are "Net 30." "Terms" refers to payment terms and "Net 30" refers to a promise to pay within 30 days of the invoice date.

17. In pertinent part, the KP Engineering Purchase Terms and Conditions set forth in both the Purchase Order and the Change Order regarding payment, provide as follows:

> 4. PAYMENT AND SET-OFFS. …Buyer shall make payment of approved invoices for the Goods conforming to the requirements of this Order on the payment terms stated on the face of this Order….Payments of invoices will be due net 30 days after Buyer's receipt of acceptable invoice.

18. From April 30, 2018, until July 30, 2018, in compliance with its promises under the Purchase Order and the Change Order, Plaintiff provided the Services for Defendant at the Targa Facility. The Services included such work as crane work, relocation work, site work, flare work, other operations work and deliveries by motor carrier of cargo such as electric motors, compressors, structural steel, pipe spools, stabilizers, amine steel, tanks, coolers, condensers, reels, valves, pumps, filters, blowcases, slug catchers, modules, separators, and circuit breakers, among other things.

19. On or about May, 2018, Plaintiff sent an invoice to Defendant for Services performed from April 30, 2018, through May 31, 2018, in the amount of $960,800.00 ("May Invoice").

20. On or about June, 2018, Plaintiff sent an invoice to Defendant for Services performed from May 31, 2018, through June 29, 2018, in the amount of $563,100.00 ("June Invoice").

21.     On or about July, 2018, Plaintiff sent an invoice to Defendant for Services performed from July 5, 2018, through July 20, 2018, in the amount of $113,800.00 ("July Invoice").

22.     On or about July 30, 2018, Plaintiff's Services were completed.

23.     To date, Defendant has paid nothing towards its debt to Plaintiff. Despite request by Plaintiff, Defendant continues to fail and refuse to pay the amount due and owing.

24.     Defendant is liable to Plaintiff for the amount of the Services performed, as reflected in the May Invoice, the June Invoice and the July Invoice, among other things.

## V.

## Count I – Breach of Contract

25.     The Purchase Order and Change Order constituted valid contracts between Plaintiff and Defendant under Texas law. Plaintiff performed all work listed on the three (3) invoices, i.e., the May Invoice, the June Invoice, and the July Invoice. Defendant's obligation to pay is a material term of both the Purchase Order and the Change Order.

26.     Defendant, despite Plaintiff's request, has failed and refused to pay for the Services. As such, Defendant breached the Purchase Order and the Change Order and is liable to Plaintiff for breach of contract under Texas law.

27.     Defendant's failure to pay constitutes a material breach of contract.

### Damages

28.     As a result of Defendant's breach of contract, Plaintiff has sustained financial harm and has lost the benefits expected to be received from the Purchase Order and Change Order if the Defendant had performed as promised. In this connection, Plaintiff has performed all the Services that are set forth on the May Invoice, the June Invoice and the July Invoice. The

value of the services performed was $1,637,700.00.

29. On or about September 5, 2018, Plaintiff presented a claim for the amounts due for the Plaintiff's performance under the Purchase Order and the Change Order and demanded payment from the Defendant.  Because Defendant has failed and refused to honor the claim and pay the just amount due as promised, Plaintiff seeks judgment against Defendant for 1,637,700.00 in damages.

## VI.

### Quantum Meruit

30. Plaintiff incorporates its factual allegations set forth in Paragraph IV.

31. Alternatively, Plaintiff asserts a claim for quantum meruit.  The May Invoice, the June Invoice and the July Invoice describe each of the Services rendered directly to Defendant in that Plaintiff provided each of the Services at the Targa Facility pursuant to Defendant's request set forth in J-1711 Expediting Report.

32. As a direct result of the Plaintiff's rendition of the Services, benefits were conferred on Defendant in that portions of Defendant's obligations to Targa were fulfilled.

33. Defendant accepted the benefit of the Plaintiff's services, but has failed and refused to pay for them.  Each of the Services listed on the May Invoice, June Invoice and July Invoice were performed by Plaintiff and Defendant accepted the benefits of each of the Services at the Targa Facility.

34. As a result of Defendant's nonpayment, Plaintiff has been damaged and is entitled to recover the reasonable value of the Services provided to Defendant.

### Damages

35. The reasonable value of the Services that Plaintiff has provided to Defendant was

$1,637,700.00. Plaintiff reasonably expects payment for the Services provided because the value of the services provided is the same or similar to the value of the same or similar services provided throughout the contiguous states of the United States.

## VII.

### Attorney's Fees

36. Plaintiff is entitled to recover reasonable and necessary attorney's fees because this is a claim on an oral or written contract and/or a claim for rendered services, performed labor and/or furnished material within the meaning of Tex. Civ. Prac. & Rem. Code Sec. 38.001. Plaintiff perfected its right to fees under the statute in that Plaintiff presented a claim for payment on the contract to the Defendant. The claim was made by e-mail communication sent to the Defendant on September 5, 2018. More than 30 days have elapsed since the Defendant received the letter and payment for the just amount owed has not been tendered by Defendant.

37. Plaintiff has been required to retain the services of counsel to prosecute this action. Plaintiff has incurred attorney's fees and continues to incur attorney's fees in its efforts to collect the amounts due and owing under the Purchase Order and the Change Order.

38. Plaintiff requests that the judgment against Defendant include an amount for reasonable and necessary attorney's fees.

## VIII.

### Conditions Precedent

39. All conditions precedent have been performed or have occurred.

## IX.

### Jury Demand

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Damages in the amount of $1,637,700.00;

b. Pre-judgment interest as provided by law;

c. Post-judgment interest as provided by law;

d. Attorney's fees;

e. Costs of court; and

f. Such other and further relief to which this Plaintiff is justly entitled.

Respectfully submitted,

By: */s/ Vic Houston Henry*
Vic Houston Henry
TBA No. 09484250
vhhenry@hoaf.com
Katherine Knight
TBA No. 10759900
kknight@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER,**
**A Professional Corporation**
1700 Pacific Ave., suite 2700
Dallas, Texas  75201
Telephone:   (214) 658-1900
Facsimile:   (214) 658-1919

**ATTORNEYS FOR PLAINTIFF**
**TII LOGISTICS, INC.**